Appeal of TEL-ELECTRIC CO.                    Docket No. 315.

The Board has jurisdiction to consider an appeal involving the determination of invested capital in a year in which the Commissioner has determined a deficiency, even though to do so it is necessary to determine the correctness of a claimed deduction from gross income in a year in which there appears no deficiency.

A taxpayer which in 1917 and prior years kept its books and rendered its returns upon an accrual basis under section 13 (d) of the Revenue Act of 1916 cannot under the provisions of section 12 (b) Third of that act deduct from gross income in 1917 interest which accrued and became a liability in such prior years, but which was paid in 1917.

Submitted December 6, 1924; decided January 29, 1925.

C. R. McAtee, Esq., for the taxpayer.

A. H. Fast, Esq. (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before LITTLETON, TRAMMELL, and TRUSSELL.

This appeal involves a determination by the Commissioner of income and profits taxes for the calendar years 1918 and 1919 in the amounts of $390.63 and $255.13, respectively. The deficiency letter appealed from includes the year 1917, in which the Commissioner has determined an overassessment of $872.74.

The taxpayer contends that the correct deficiency for 1918 is $232.49 and for 1919, $202.57. Taxpayer's objection to the deficiency as determined by the Commissioner is based upon an alleged erroneous determination of invested capital in 1918 and 1919. It is contended that the Commissioner erroneously denied taxpayer the right to deduct in its return for 1917 (in which year there appears an overassessment) interest for the years 1914 to 1916, inclusive, paid in 1917 in the amount of $3,308.18, thereby increasing the total tax for 1917 from $1,994.70 to $2,970.62; that the proportion of the 1917 tax as determined by the Commissioner, excluded from invested capital in 1918 and 1919 resulted in an excessive tax in the latter years. The Commissioner contends: (1) That the Board is without jurisdiction to consider the appeal, because taxpayer's objection to the deficiency in 1918 and 1919 is based upon the disallowance by the Commissioner of a claimed deduction in 1917, in which year no deficiency has been found, and (2) that if the Board should decide that it had jurisdiction to consider the appeal, the action of the Commissioner in disallowing the deduction in 1917 of interest accrued in 1914 to 1916, inclusive, should be approved.

From a stipulation of record the Board makes the following

FINDINGS OF FACT.

The taxpayer is a Texas corporation, with its office and place of business at Houston, Tex. In July, 1914, it became indebted to one of its stockholders in the amount of $22,054.50, represented by notes dated July 1, 1914, payable on demand and bearing 6 per cent in-

terest per annum. In 1917 interest on these notes was computed from July 1, 1914, to December 31, 1917, inclusive, in the amount of $4,631.45, and this amount was paid in 1917 and deducted by taxpayer in its return for the calendar year 1917. During the several calendar years prior to 1917, taxpayer had not accrued on its books or deducted in its returns any portion of such interest, although its books of account were kept and its returns were rendered on the accrual basis.

The Commissioner, upon audit of the taxpayer's return for the calendar year 1917, allowed as a deduction in that year interest at 6 per cent on $22,054.50, the allowance thus computed being $1,323.27, and disallowed, as a deduction to taxpayer for the year 1917, the balance of such interest for the years 1914 to 1916, inclusive, amounting to $3,308.18.

In computing the 1918 tax the Commissioner reduced the invested capital of taxpayer for the year 1918 by the aforesaid proportion of the 1917 tax and followed the same procedure in 1919 with respect to the 1918 tax.

The Commissioner determined a total tax of $2,970.62 for 1917.

DECISION.

The deficiency determined by the Commissioner is approved.

OPINION.

LITTLETON: The points in issue in this case are: (1) Whether the Board has jurisdiction to review the disallowance of a claimed deduction from gross income of the year 1917 of interest paid in that year, if such a disallowance does not result in the proposal of the assessment of an additional tax for 1917, but does affect the deficiency in tax for 1918 and 1919; and (2) whether taxpayer is entitled to deduct from gross income of 1917 interest paid in that year which accrued and became a liability in the years 1914 to 1916, inclusive, when it kept its books and rendered its returns upon the accrual basis. With respect to the first point it is contended by the Commissioner that the Board has jurisdiction under the Revenue Act of 1924 to review only deficiencies in tax relating to a given year and that inasmuch as in this case no deficiency in tax has been found for any other years than 1918 and 1919 the Board has no authority to consider whether the deduction from gross income of 1917, which has been disallowed by the Commissioner, was properly disallowed.

We are of the opinion that this position is not well taken. In this case the Board clearly has jurisdiction to consider the deficiency in tax found by the Commissioner for the years 1918 and 1919. That deficiency arose in part from a failure on the part of the Commissioner to allow as a deduction from gross income of 1917 interest paid in that year. Since the tax for 1917 affects the invested capital for 1918 and the resultant tax for 1918 affects invested capital for 1919, and since the Board clearly has the right to review the deficiency in tax found by the Commissioner for 1918 and 1919, it necessarily follows that the Board has the right to consider as a defense by the taxpayer to the proposed deficiency, the correct-

ness of the claimed deduction in 1917. See *Appeals of Bruin Coal Co.*, 1 B. T. A. 83; *E. J. Barry*, 1 B. T. A. 156; and *Hickory Spinning Co.*, 1 B. T. A. 409.

Section 13 (d) of the Revenue Act of 1916 provides:

A corporation, joint-stock company or association, or insurance company, keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect its income, may, subject to regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned.

This section permits the taxpayer to keep its books and render its returns upon an accrual basis, and this taxpayer followed that method in keeping its books of account and in reporting its income for 1917 and prior years. The Board is of the opinion that the interest on the indebtedness of the taxpayer accrued and became a liability in each of the years 1914 to 1917, inclusive, and constituted proper accrual items, and were allowable deductions in those years; therefore, interest which accrued and became a liability in years prior to 1917 can not be deducted from the gross income of 1917. The fact that the interest was not accrued on its books or deducted in its returns for each of the years when liability therefor was incurred can not justify the deduction in the return for the year 1917. When a taxpayer elects to report his income on either the cash receipts and disbursements or the accrual basis he must consistently report his income and deductions on that basis. Otherwise his return would not reflect his true net income. We can find no justification in the law for the deduction in the return for 1917 of the interest which accrued in the years 1914 to 1916, inclusive, when the taxpayer has adopted the accrual method of reporting income.

Taxpayer relies upon the decision of the Court of Claims in the case of the *Brilliant Coal Company* v. *United States*, 59 Ct. Cls. 481, in support of its contention that interest on its indebtedness which accrued in years prior to 1917 is an allowable deduction in the year in which paid. There is nothing in that decision to indicate whether the taxpayer was on a cash receipts or an accrual basis. We are of the opinion that the conclusion reached by the court in that case is not applicable to the case of a corporation taxpayer which keeps its books and reports its income on the accrual basis.