MILLER SAFE CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10788.   Promulgated July 17, 1928.

*C. J. McGuire, Esq.*, for the petitioner.
*W. F. Wattles, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The question is not, as argued by petitioner, whether the item was interest which accrued for the first time in the period in question when it was put on petitioner's books, but rather, whether it accrued at all as interest. The petitioner, under the stipulated facts, was under no obligation to pay interest during prior years because there was no such agreement. The stockholder was apparently advancing money without interest for reasons of his own. When the corporation resolved to pay him "interest" it was a gratuitous act. Strictly the amount was not interest.

The statute should not lightly be construed to permit interest, which ordinarily would accrue ratably so as to be deductible proportionately, to be piled up for deduction in a year when taxes become important—especially when the debtor and creditor are so closely related that their interests are largely at one. The respondent was correct.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

LITTLETON, dissenting: I can not agree with the decision of the Board in this case. I think the Commissioner erred in refusing to allow the petitioner a deduction of $9,208.02 as an ordinary and necessary business expense for the taxable period February 1 to December 31, 1919.

The question in this case is not so much whether this amount represents interest for any particular period upon borrowed money but rather is the amount an ordinary and necessary business expense paid or incurred within the taxable period. The mere fact that the amount, liability for which was first incurred in the taxable year, was determined by computing interest at 5 per cent upon the balances owing by the corporation during a period prior to February 1, 1919,

does not prevent the allowance as an expense incurred in the taxable year. I agree that, as a general proposition, the taxpayer can not borrow money and wait until some subsequent year to take a deduction for interest upon such borrowed money over a period of years in order to get the benefit of such deduction in a year in which the taxpayer has large profits. See *Tel-Electric Co.*, 1 B. T. A. 434; *H. Harwood & Sons, Inc.*, 2 B. T. A. 1293; *Avery* v. *Commissioner of Internal Revenue*, 22 Fed. (2d) 6. But that is not what happened in this case.

The facts show that Laucks made small advances to the corporation from time to time to enable it to meet its current financial obligations and that these advances were not considered by the taxpayer or Laucks as formal loans but, on the contrary, it was thought that the amounts would be immediately repaid to Laucks by the corporation. Neither party intended at the time the advances were made by Laucks that any interest would accrue on them, inasmuch as it was believed that the amounts would be shortly repaid by the petitioner. This was all in perfect good faith. As time went on, however, the corporation realized that it would not be able to repay Laucks the total of the advances made from time to time as expected and that the amount had become rather large so the directors decided in October, 1919, that the corporation should compensate Laucks for the use of the money by the petitioner in its business. The amount of $9,208.02 paid by the corporation was an ordinary and necessary business expense and was first incurred on October 20, 1919, and I think it should be allowed as a deduction from gross income for the taxable period involved.