OVERLAND KNIGHT CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19366.  Promulgated March 15, 1929.

*E. C. Gruen, C. P. A.*, for the petitioner.

*Arthur Carnduff, Esq.*, and *S. B. Anderson, Esq.*, for the respondent.

OPINION.

SMITH: The issue in this case is whether or not the petitioner was entitled to a deduction from gross income for the calendar year 1923 of a sum amounting to $5,633.33. In the deficiency notice mailed to the petitioner the respondent disallowed the deduction on the ground that it represented a dividend on preferred stock. In its petition the petitioner alleges as follows:

4. The determination of tax set forth in the said notice of deficiency is based upon the following errors:

The Commissioner of Internal Revenue has incorrectly disallowed interest paid as an item of interest on preferred stock.

5. The facts upon which the petitioner relies as the basis of this proceeding are as follows:

The interest item in question was accrued on the books of the petitioner as due on a loan of monies. Shares of preferred stock were held as security for the loan. An error in bookkeeping termed the interest as " payment of interest on preferred stock."

These allegations were denied by the respondent in his answer as follows:

4. Admits that in determining the deficiency the Commissioner disallowed as a deduction an item alleged to be interest paid on preferred stock, denies that

the said item was in fact interest paid, and denies that the Commissioner erred in disallowing a deduction on account thereof.

5. Denies that the item in question was accrued on the books of the petitioner as due on a loan of monies. Denies that shares of preferred stock were held as security for the said alleged loan. Admits that the item was termed "payment of interest on preferred stock", and denies that the item was erroneously so termed.

On brief, counsel for the respondent argued (1) that if the charge of $5,633.33 is to be regarded as a charge for an accrued dividend, it can not be allowed as a deduction; (2) that the petitioner incurred no liability for interest and paid no interest during the taxable year under review; and (3) that the loan was in fact made to the individuals for the purpose of forming the petitioner corporation, Ball taking all the security he could get. Counsel for the respondent further argues on brief that the test of the transaction is against whom could Ball recover a judgment should he sue to recover the money advanced?

In this proceeding Ball testified that he loaned the money to the petitioner corporation. The evidence indicates that he was to receive interest upon the loan from the corporation at the rate of 6 per centum per annum. The books of account were kept upon the accrual basis and the petitioner's tax return for 1923 was made upon that basis. There appears to be no question that the corporation was to pay the interest upon the indebtedness and that the amount of $5,633.33 set up on the petitioner's books of account at the close of 1923 as interest which had accrued upon the debt was a proper accrual of the interest. The claim of the petitioner that the amount is a legal deduction from gross income is sustained.

*Judgment will be entered under Rule 50.*