J. B. JEMISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15622. Promulgated November 30, 1929.

*Gordon Saussy, Esq.,* and *C. W. Saussy, C. P. A.,* for the petitioner.

*A. S. Lisenby, Esq.,* for the respondent.

400

402

OPINION.

TRUSSELL: The issues relate to the computation of the net income for 1920, 1921, and 1922 of a partnership in which the petitioner was interested and with respect to which he is required to include in his return his distributive share. The year 1921 is involved through a net loss of the petitioner which was carried forward to 1922.

The first question is a matter of the deduction of expenses for transportation charges on shipments from the partnership to its customers. The ultimate liability of the partnership is unquestioned; the deductibility of the expense is undisputed; we are required to decide in what years the various items of expense may be deducted. In lieu of prepaying the freight charges on shipments on which " delivered " prices had been agreed upon, the partnership elected to ship the lumber " collect." The sales, nevertheless, were entered upon the books at the time of shipment at what may be termed the " gross " prices although it was perfectly well understood that the net amount presently to be collected from the customers would be less. The books were kept on the accrual basis and in order to avoid an overstatement at the end of each year of the amount of the accounts receivable and a corresponding understatement of the amount of freight expense for the year it was necessary and customary to credit the customers' accounts and debit the freight expense account with the outstanding liabilities for freight charges. At the time of closing the books the petitioner was not advised in some instances of the actual amounts paid by the consignees, and the amounts of these liabilities were computed by the partnership. The

number of shipments, the aggregates accrued and the aggregates subsequently paid are all in evidence for comparison. We are satisfied, and we think the findings show, that these accruals were accomplished from satisfactory bases and for all practical purposes with substantial correctness. Later, when the customers advised the partnership of the exact amounts paid, minor adjustments were made, if necessary. This was the customary procedure, year after year, and no necessity was attached at the time to immediate investigations of the exact amounts, although it is evident that with a little trouble and effort the information was nearly all definitely ascertainable within a few days after the end of each year.

Apparently the present regulations of the Bureau of Internal Revenue permit of the allowance of the deductions claimed by the petitioner. See G. C. M. 5265, Cumulative Bulletin VII-2, p. 55, published subsequent to the hearing in this case.

The respondent cites *Thatcher Medicine Co.*, 3 B. T. A. 154, in which there was a failure to prove a liability for the deduction claimed, and *Jackson Casket & Manufacturing Co.*, 7 B. T. A. 1190, in which were involved no more than contingencies. Suffice it to say that we do not consider either of these cases in point.

The respondent also cites *J. S. Hoskins Lumber Co.*, 3 B. T. A. 846, a case in which the taxpayer had in process of shipment a considerable quantity of its product which it had sold but for which it had not received freight bills. The taxpayer followed a procedure by which it credited the accounts of its customers with estimated amounts of the freight charges, immediately, however, reversing the entries at the beginning of the following year. Subsequently, the accounts of the customers would be again credited this time with the actual amounts. There was a failure in this case to prove any satisfactory degree of accuracy in the reserves set up and we were furthermore not satisfied that the expenses claimed were anything more than indefinite liabilities which could not be determined to be incurred until the subsequent year. This situation is clearly distinguishable from the instant case, where we are convinced of the propriety and practical accuracy of the accruals.

The procedure of the partnership in computing and entering the accruals has been consistently followed every year; we have repeatedly given weight to consistency, see *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566; *Leedom & Worrell Co.*, 10 B. T. A. 825; *Holeproof Hosiery Co.*, 11 B. T. A. 547; *Blumberg Brothers Co.*, 12 B. T. A. 1021; *National Straw Works*, 16 B. T. A. 463, and many other decisions too numerous to cite here. We know of no good reason for revising that procedure. The liabilities were definitely incurred

within the years at the end of which they were accrued upon the books. The accruals were proper, even though lacking exactitude, *United States* v. *Anderson*, 269 U. S. 422. If they occasioned minor overlappings through the practice of entering the slight corrections in the subsequent year, that would appear to be authorized by article 111 of Regulations 62, which provides, among other things:

It is recognized, however, that particularly in a going business of any magnitude there are certain overlapping items both of income and deduction, and so long as these overlapping items do not materially distort the income they may be included in the year in which the taxpayer, *pursuant to a consistent policy* takes them into his accounts. (Italics ours.)

There is another good reason for approving the accruals in the instant case. We think it is obvious that the charging off to profit and loss of the accrued freight expense within the same year in which the gross income was inclusive of the gross sales prices of the relevant shipments results in a clarity and accuracy which is totally lacking in the revision proposed by the respondent.

We conclude that the accrued liabilities for freight charges should be allowed as deductions in the years when incurred and accrued upon the books. As to the amounts of the deductions to be allowed for the purposes of this redetermination, we think they should be the actual amounts shown by the evidence to have been paid subsequently. Cf. *Producers Fuel Co.*, 1 B. T. A. 202; *Monarch Cooperage Co.*, 13 B. T. A. 929.

The respondent was permitted to amend his answer to affirm that the income of the partnership for each year was understated by certain amounts of freight liabilities which, if we understand his theory, were probably deducted by the petitioner twice. No evidence was introduced by the respondent. After a careful consideration of the record we do not think that there was a double deduction.

In the second issue the petitioner claims the right to deduct from the income of the partnership items of liability for interest on borrowed money which the evidence shows were definitely incurred but were unpaid at the end of the year. We do not see that there can be any question in this regard. The interest incurred is clearly deductible. To a taxpayer on the accrual basis interest accrues ratably and the date of payment is immaterial. Cf. *Tel-Electric Co.*, 1 B. T. A. 434; *Overland Knight Co.*, 15 B. T. A. 870.

No satisfactory evidence was adduced relative to the third issue and we are unable to make any redetermination of that point.

*Judgment will be entered pursuant to Rule 50.*