## H. LIEBES & COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68231. Promulgated June 5, 1936.

*Homer H. Tooley, C. P. A.*, for the petitioner.
*George D. Brabson, Esq.*, for the respondent.

OPINION.

ARUNDELL: The petitioner offers three points of argument, the first two of which are that the amounts received from the United States of America in liquidation of judgments arising out of the foregoing claims do not constitute taxable income at all because compensation for injury can not result in a profit, and, furthermore, such amounts do not constitute taxable income in the fiscal year under consideration, January 31, 1930, because they would not have been subject to a Federal income tax had they been recovered during the years in which the damage was sustained. In answer to these arguments it is sufficient to cite *J. R. Knowland*, 29 B. T. A. 618, wherein we held a taxpayer, who sued under the same enabling act and under a strikingly similar set of facts and circumstances, to be taxable upon the sums which he received, in the year of receipt. No question was raised in that proceeding about the year in which such sums were taxable. Undoubtedly that petitioner, an individual, was upon the cash receipts and disbursements basis.

Petitioner urges in the alternative that the net recoveries finally received by it in the taxable year were accruable in the years in which judgment was rendered, which in all three suits was prior to the taxable year. While the parties have not stipulated that petitioner kept its books and made its returns on an accrual basis, the arguments of both parties proceed on that assumption, which we accept for the purposes of this discussion. A brief restatement of the facts at this point should prove helpful. The Pacific Trading Co. instituted two suits in the United States District Court and obtained a favorable judgment in May 1927. An appeal was taken by the United States to the Circuit Court of Appeals, which latter court dismissed the appeal by mandate issued in June 1928. On August 22, 1928, payment was made by the United States of the full amount of the judgment, payment being made to the surviving trustee for the Pacific Trading Co. Thereafter, on September 14, 1928, certain individuals brought suit in the local courts of California against the sole surviving trustee for the Pacific Trading Co., alleging their right to one-half of the net amount of the judgment rendered. The petitioner intervened in this case, claiming that it was the sole owner of all the capital stock of the Pacific Trading Co. and consequently entitled to the whole proceeds. Later another person intervened, claiming an interest in the sum received by reason of being a stockholder in the Pacific Trading Co. On February 19, 1929, judgment in this action was entered for the petitioner and on February 28, 1929, the money was paid over to it.

We think the Commissioner correctly holds that the income is taxable in the fiscal year ended January 31, 1930. It was not until

within that year that the right of the petitioner to the money became fixed and was in fact paid to it. Petitioner was not, in its corporate capacity, a party to the original suit against the United States, but was a stockholder of the Pacific Trading Co. There was no judgment in its favor in the proceedings in the Federal courts. It was not until the litigation in the state courts was concluded that its right to any of the proceeds of the judgment was established. If the decision in the intervention suit had gone against the petitioner, it would be absurd to require accrual while that suit was pending and then allow a loss in the later year of termination of the suit. While the intervention suit was pending petitioner's claim was contingent on its successful conclusion. "A mere contingent claim, especially a contested one, whether of gain or loss, may never be sustained or realized; it is too uncertain to be considered in making up an income tax return." *Commissioner* v. *Southeastern Express Co.*, 56 Fed. (2d) 600. To the same effect are *Commissioner* v. *Brown*, 54 Fed. (2d) 563, and *Buffalo Union Furnace Co.* v. *Helvering*, 72 Fed. (2d) 399. All of these cases involved sums concerning which there was litigation and the substance of the holdings is that during litigation the taxpayer's rights were too uncertain to warrant accrual. We do not read the case of *Lichtenberger-Ferguson Co.* v. *Welch*, 54 Fed. (2d) 570, as opposed to the decisions above cited. In that case the taxpayer was awarded a sum by the War Department in 1919 for cancellation of a war contract. Due to some confusion in the War Department the check covering the award was not received by the taxpayer until 1920. There was no dispute or litigation concerning the award after it was made by the War Department, and the court, finding that "the adjustment made in August, 1919, was a final adjustment", held it to be accrued income in 1919. Similarly, in *Automobile Insurance Co.* v. *Commissioner*, 72 Fed. (2d) 265, the taxpayer accrued in 1928 the amount of an award by the Mixed Claims Commission, United States and Germany. It received a substantial payment on the award in that year, and it does not appear that there was any contest, litigation, or other contingency respecting the taxpayer's right to the amount awarded. The Circuit Court sustained the accrual in 1928, quoting *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 192, that, "it is the right to receive and not the actual receipt that determines the inclusion of the amount in gross income." Here the taxpayer's "right to receive" was not established until February 1929, which was within its fiscal year ended January 31, 1930.

In No. 17541 suit was brought directly by the petitioner and judgment was rendered for the petitioner on December 28, 1928. The parties stipulate that no appeal was taken by the United States.

However, they do not stipulate that any final settlement or agreement not to appeal was reached within the petitioner's fiscal year 1929. The appeal period of three months (§§ 226, 230 U. S. C. A.) did not expire until in petitioner's fiscal year ended January 31, 1930, and in the absence of any act by the parties the judgment would not become final until the expiration of that period. At the time the judgment was rendered there was no appropriation available to satisfy it, and the funds were not appropriated until in petitioner's fiscal year ended January 31, 1930. Under these circumstances we are of the opinion that this judgment, like the others, was surrounded by too many contingencies and uncertainties to warrant accrual as income prior to the year of payment. Apparently the petitioner thought so too, as it did not accrue any of the items on its books and did not report them as income in the years in which it now says they were accruable.

It is not without significance that these items were extraordinary and outside the scope of ordinary business transactions. Day to day business deals may well be accruable even though they involve some element of contingency. But in so unusual a situation as this, where the result depends on the unpredictable outcome of litigation and of legislation (cf. *Untermyer* v. *Anderson*, 276 U. S. 440), the contingencies are too many to warrant accrual, whether it be of gain or loss.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

MORRIS, dissenting: I disagree with the views of the majority and am of the opinion that the petitioner should be sustained. The majority opinion attaches considerable importance to the fact that in the two suits instituted by the Pacific Trading Co. the petitioner was not a party and there was no judgment in its favor. The respondent conceded, however, that if claims had not been filed for part of the money all of it would have been taxable in a prior year, thus basing his determination solely on the adverse claims. Prior to the taxable year it had been determined that the Pacific Trading Co. was entitled to recover and the amount of the judgment had been actually paid to the surviving trustee. The liability was no longer contingent. The facts show that all of the capital stock of the Pacific Trading Co. upon incorporation was issued to the petitioner and it claimed ownership thereafter. Under such circumstances I think the amount of the judgment was accruable prior to the taxable year. See *Lichtenberger-Ferguson Co.* v. *Welch*, 54 Fed. (2d) 570.

In the other action judgment was rendered for the petitioner in the preceding taxable year and it was stipulated that no appeal was taken therefrom. In my opinion the purport of that stipulation was to eliminate the principal ground upon which the conclusion of the majority is based, namely that the judgment did not become final until the taxable year. That the parties so regarded it is evidenced by the respondent's argument in support of his conclusion that the appropriation for the payment of the judgment was not passed until during the taxable year in question, therefore the amount thereof could not be accrued until that time. I disagree with that conclusion. It seems to me that when the United States Government specifically authorized the bringing of suits it recognized liability and tacitly promised to pay any successful litigant the sums found by the authorized court to be due. Payment is not essential under the accrual system of accounting. Where the liability is fixed it is only necessary that payment be contemplated in the ordinary course of events. The judgment rendered in the preceding taxable year definitely determined the amount of petitioner's recovery. Under the circumstances it was entitled to regard payment thereof as certain. I therefore think judgment should be rendered for the petitioner.