THE JAMES BROTHERS COAL COMPANY, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4185–62. Filed March 31, 1964.

*Warren G. Smith* and *Thomas W. Edwards, III*, for the petitioners.
*John F. Papsidero*, for the respondent.

918

OPINION

The issue here, as above stated, is whether the Commissioner erred in determining the amount of interest which the petitioner, an accrual basis taxpayer, is entitled to accrue and deduct for the taxable year in respect of the promissory note involved. Restated more specifically, the question is whether the Commissioner erred in computing the amount of such deductible interest by using the so-called straight-line method—rather than by using the sum of the months-digits method which petitioner used and contends should have been approved by the Commissioner.

1. The basic differences in the applications and effects of these two above-mentioned methods for computing interest deductions, are principally as follows.

The *straight-line method* which the Commissioner used, operates under the principle that, where a lending institution has loaned money to a borrower for a certain number of years (here 3 years), in consideration of the borrower's promise to pay a specified amount of interest thereon (here $27,172.99 computed at 5½ percent per annum for the 3-year period) ; and the parties have incorporated in a single promissory note, both the obligation to repay the amount of the loan (here $164,683.61) and also the obligation to pay said total agreed amount of interest; and they have further agreed that the amount of the single note (here $191,856.60) shall be paid in equal monthly installments over the entire period of the note (here in 36 equal monthly installments of $5,329.35 each)—then, in such circumstances and in the absence of proof of any contrary arrangement between the lender

and borrower (and here there is no such proof), the interest in respect of the borrower's single promissory note is deemed to *accrue ratably* over the entire period of said note. Thus in a situation like the present where the period of the note was 3 years (36 months), $\frac{1}{36}$ of the total agreed amount of interest ($\frac{1}{36}$ of $27,172.99) is regarded to be that portion of each monthly payment which represents accrued and deductible interest.

On the other hand, the *sum of the months-digits method* which petitioner contends should be used, operates under a principle that, notwithstanding the agreement between the lender and borrower, the total amount of the promissory note for 3 years should, in substance and effect, be fragmented into 36 separate monthly obligations, each having a separate monthly maturity—so that each time one of the monthly payments is made, part of the loan obligation is deemed to be retired; and that as these monthly retirements continue from month to month, the amounts of the accrued and deductible interest gradually decrease from a maximum portion of the total $27,172.99 interest (attributed to the first month of the loan) to a minimum portion of said total interest charge (attributed to the last month of the 3-year period). Thus in the instant case, the petitioner disputes the Commissioner's method of uniformly accruing $\frac{1}{36}$ of the total agreed interest charge for each month of the 3-year loan period; and instead, it would accrue $\frac{36}{666}$ of the total interest charge in respect of the first month of the promissory note period, $\frac{35}{666}$ for the second month, and so on down to $\frac{1}{666}$ for the 36th month—thereby creating, as it contends, a larger interest deduction for the first 7 months of the year 1960 here involved, than that which the Commissioner allowed.

2. Section 163 of the 1954 Code provides that: "There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness"; but neither this statute nor the regulations thereunder, either fix any particular rate of interest or prescribe any particular method for computing the interest portions of periodic payments made in respect of a single promissory note which covers the obligations of the borrower to pay both the principal and the interest.

However the Internal Revenue Service has, over a period of more than 20 years, had in force income tax rulings which deal, not only with situations (unlike the present) where interest is discounted or paid in full at the time when a loan is made, but also with situations (like the present) where periodic payments covering both principal and interest are to be made over the entire period of the loan. These rulings are: I.T. 3298, 1939–2 C.B. 164. This ruling which deals with both *cash basis* and *accrual basis* taxpayers, states in material part as follows:

The M Bank states that it has made a great many FHA loans not exceeding five years, and that the discount or interest on these loans is deductible in

advance. Some of the bank's clients have inquired whether the entire amount of the discount or interest should be taken as a deduction in one year, or whether they are required to pro rate it over the life of the notes covering the loan.

The discount or interest paid by the bank's clients with respect to FHA loans *should be treated by the borrowers the same as discount or interest paid in connection with other kinds of loans.* That is, if the borrower reports his income for Federal income tax purposes on the *cash basis,* the discount or *interest is not actually paid when the money is borrowed* and is therefore not deductible by him until the year in which *payment* of the loan is made. If the borrower reports his income on the *accrual basis, the discount or interest should be deducted as it accrues.* [Emphasis supplied.]

I.T. 3489, 1941–2 C.B. 71. This ruling which involves facts strikingly similar to those in the instant case is, so far as here material, as follows:

According to the "Gross Charge and Discount Tables" issued by the Federal Housing Administration, a person who borrows $100 to be repaid with interest at 5 per cent over a period of three years signs a note in the amount of $114.98 to be paid in 36 equal installments, the excess ($14.98) over the principal amount of the loan representing interest on the principal amount of $100. A person who desires a loan of $100 on the discount basis for a 3-year period receives $86.97 and signs a note for $100 to be paid in 36 equal monthly installments, the difference ($13.03) between the amount received and the face of the note representing (approximately) interest at the rate of 5 per cent per year on the amount received by the borrower.

It is held that when payments are made in accordance with the terms of such notes *the aggregate of the interest charged is paid in 36 equal installments.* Accordingly, in the case of a loan under either of the plans referred to, *one thirty-sixth ($\frac{1}{36}$) of the total amount representing interest* ($14.98 under the gross-charge plan and $13.03 under the discount plan) *should be regarded as the portion of each monthly payment which represents interest.* [Emphasis supplied.]

The method last-above directed to be used, is the "straight-line method" which the Commissioner applied in the instant case.

Moreover, both this Court and others have long recognized that in the case of an accrual basis taxpayer, *interest accrues ratably over the period of the loan.* In one of the older cases, *Higginbotham-Bailey-Logan Co.,* 8 B.T.A. 566 (1927), it is stated at page 577:

Interest accrues ratably over the period of the loan and where, as here, the books of the petitioner are kept on a basis other than cash received and disbursed, the law provides that interest is allowable as a deduction as it accrues. The petitioner can not be sustained in its contention that it may deduct interest as it pays it. * * *

To the same effect see *J. B. Jemison,* 18 B.T.A. 399, 400; *Saner-Ragley Lumber Co.,* 3 B.T.A. 927; and *United States Playing Card Co.,* 15 B.T.A. 975, 981. See also one of the older decisions of the Supreme Court, *Story* v. *Livingston,* 13 Pet. 359, wherein at page 370 consideration was given to partial payments made on a debt, which cover both principal and interest; and wherein recognition was given the

principles that the obligations of the parties should not be varied, and that it is the creditor who should calculate the interest portions of the payments.

3. Petitioner relies for support of its "sum of the months-digits method," upon section 167 of the 1954 Code which deals with deductions for *depreciation;* and it points out that there, under regulations prescribed by the Secretary or his delegate, a taxpayer is given an election to compute its reasonable allowance for depreciation by use of a sum of the *years*-digits method. But petitioner's reliance on said section of the statute is misplaced for each of the following reasons: First, the election to use said method under section 167 is expressly provided by statute; and it is to be applied only in accordance with a specific regulation which points out that *the fraction* to be applied is one as to which both the numerator and the denominator are fixed on a *yearly* rather than a *monthly* basis. Second, said statute and regulation pertain only to *depreciation*, relating to useful life of property (which can be fixed with reasonable certainty) as distinguished from a liability for a period of years (which may be shortened by subsequent agreement between the lender and borrower, or by prepayments, or by insolvency of the borrower—and which in any of such situations would require a revision of the fraction). And most important of all, section 167(c) of the Code specifically provides that the sum of the years-digits method may be applied thereunder "only in the case of property (other than intangible property)"; and also the income tax regulations for said section (sec. 1.167(c)–1) similarly provides that such method is "applicable only to tangible property." In the instant case, we are not dealing with tangible property.

At the trial herein, each of the petitioner's witnesses expressed an opinion that the sum of the months-digits method was preferable to the straight-line method, and that such method is in accord with "generally accepted accounting principles." But neither of these witnesses was able upon demand of respondent's counsel, to cite a single accounting authority that has expressly approved the use of such method for computing accrued and deductible interest on a promissory note in a situation like the present.

The petitioner, in the appendix to its reply brief, has referred to *sales contracts*, stated that "one equitable method" for computing certain provisions of a revised edition of an accounting publication able from the situation here involved.
in which the authors, in dealing with interest in respect of *installment* such interest would be to use a sum of the months-digits method. However, we regard the situation there considered to be distinguish-

Neither of petitioner's witnesses expressed any opinion that the straight-line method used by the Commissioner is not a generally ac-

cepted method for use in computing accrued and deductible interest, or that its use does not clearly reflect income for income tax purposes.

4. Accounting methods for computing taxable income for Federal income tax purposes are not always the same as those used for commercial accounting purposes. A recent example of such diversity is in the recent case of *Schlude* v. *Commissioner*, 372 U.S. 128, wherein the Supreme Court disapproved the taxpayers' method of handling certain receipts for income tax purposes, notwithstanding proffered support for the taxpayers' method which was presented in a brief *amicus curiae* that was filed on behalf of the American Institute of Certified Public Accountants.

Section 446(b) of the 1954 Code gives the Commissioner, as a delegate of the Secretary of the Treasury, broad discretion to determine in his discretion, whether particular accounting methods clearly reflect income; and the burden of establishing error in his determination is on the petitioner. It is our opinion after considering all the pleadings and all the evidence herein, that the Commissioner, in determining the amount of interest accrued and deductible by petitioner in respect of the promissory note here involved, did not act arbitrarily, capriciously, or unreasonably; and that petitioner has not established error in the Commissioner's determination.

*Decision will be entered for the respondent.*