The J. F. STEVENHAGEN CO. et al., Appellants,

v.

The COMMISSIONER OF INTERNAL REVENUE, Appellee.

The J. F. STEVENHAGEN CO., Appellee,

v.

The COMMISSIONER OF INTERNAL REVENUE, Appellant.

Nos. 76–1265, 76–1266.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 7, 1977.

Decided March 8, 1977.

Samuel Goldman, Goldman, Greene & Tsarnas, Neil B. Greene, Akron, Ohio, for J. F. Stevenhagen Co., and others.

Scott P. Crampton, Gilbert Andrews, Asst. Attys. Gen., Tax Div., U. S. Dept. of

Justice, Leonard J. Henzke, Richard Farber, Meade Whitaker, Chief Counsel, I. R. S., Washington, D. C., for C. I. R.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and SILER,* District Judge.

PER CURIAM.

These are consolidated appeals from the United States Tax Court, styled as follows: *The J. F. Stevenhagen Co., et al. v. Commissioner*, No. 2148–72; *John F. Stevenhagen and Patricia Stevenhagen v. Commissioner*, No. 2149–72, and *Jon-Way Developers, Inc. v. Commissioner*, No. 2150–72.

The appellate contention before our court is that certain advances made by two sole and equal shareholders in Jon-Way Developers, Inc., were loans (made directly or through their wholly-owned companies) rather than advances of capital, as determined by the Commissioner. It is also contended that certain payments made by Jon-Way were interest payments on said loans rather than constructive dividends, as determined by the Commissioner.

On review of the opinion of the Tax Court[1] and the records and briefs in this appeal, this court concludes that the Tax Court properly applied the law of this Circuit to the facts in this case. *See Austin Village, Inc. v. United States*, 432 F.2d 741, 745 (6th Cir. 1970); *Berthold v. Commissioner*, 404 F.2d 119, 122 (6th Cir. 1968), and that there were no facts in this record which brought these transactions within the definition of a normal arm's length loan. The record clearly demonstrates that the Tax Court's findings of fact are not clearly erroneous.

The judgment of the Tax Court is affirmed for these reasons and others more fully spelled out in the opinion of the Tax Court, filed June 23, 1975.

---

* Honorable Eugene E. Siler, Jr., United States District Judge for the Eastern and Western District of Kentucky, sitting by designation.

1. *The J. F. Stevenhagen Co. v. Comm'r*, Tax Ct.Mem. 1975–198.