JOSEPH A. ZIDANIC, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13902–80.    Filed October 18, 1982.

*J. Ross Haffey, Jr.*, for the petitioner.
*David D. Dahl*, for the respondent.

STERRETT, *Judge*: By notice of deficiency dated April 14, 1980, respondent determined a deficiency of $47,560 in petitioner's Federal income tax for the taxable year 1977. The sole issue for decision is whether petitioner is entitled to an interest deduction of $92,375 in 1977, or whether such amount must be prorated under section 461(g), I.R.C. 1954.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioner resided in Independence, Ohio, at the time of filing the petition herein. He filed his Federal income tax return for the taxable year 1977 with the Internal Revenue Service Center, Cincinnati, Ohio. Petitioner's taxable income for the year 1977 was computed under the cash receipts and disbursements methods of accounting.

In October of 1977, petitioner entered into negotiations to purchase an office building from Third Federal Savings & Loan Association of Cleveland (hereinafter Third Federal). Third Federal originally asked $1,500,000 for the building, but the parties subsequently agreed to a price of $1,150,000. Petitioner made no downpayment on the building, but paid the entire purchase price with a nonrecourse purchase-money mortgage for the full $1,150,000. The agreement, as negotiated, called for the one-time payment of 8.25-percent interest upon its execution. There was no further interest to be paid during the first year of the transaction, and no payment of principal on the purchase-money mortgage was due to be paid until 1 year after the closing date of the sale.

The parties closed the sale on October 18, 1977, at which time petitioner paid to Third Federal interest in the amount of $92,375. Petitioner treated this amount as interest paid in 1977, and Third Federal treated the same amount as income

for the year. Petitioner had no personal liability with respect to this transaction, and his continued ownership of the building during the first year was not required under the contract. However, if petitioner sold the building and paid off the mortgage during the first year, there were no stipulations in any of the agreements that the interest would be refunded to him on a pro rata basis. On the contrary, the secretary/vice president of Third Federal testified that there would have been no reimbursement of any of the interest paid in the event petitioner prepaid the principal during the first year.

On his Federal income tax return for 1977, petitioner deducted $92,375 as an interest expense. In his notice of deficiency, respondent disallowed $72,976 of this amount on the ground that it represented prepaid interest attributable to a later year.

## OPINION

Section 163(a) generally allows a deduction for all interest paid or accrued within the taxable year on indebtedness. It is well established that section 163 must be read in conjunction with section 461. *Schubel v. Commissioner*, 77 T.C. 701, 702 (1981); *Baird v. Commissioner*, 68 T.C. 115, 130 (1977). Section 461(g)(1) provides:

(1) IN GENERAL.—If the taxable income of the taxpayer is computed under the cash receipts and disbursements method of accounting, interest paid by the taxpayer which, under regulations prescribed by the Secretary, is properly allocable to any period—

(A) with respect to which the interest represents a charge for the use or forbearance of money, and

(B) which is after the close of the taxable year in which paid,

shall be charged to capital account and shall be treated as paid in the period to which so allocable.

Thus, a cash basis taxpayer may not take a deduction for interest paid earlier than the taxable year in which (and to the extent that) the interest represents a charge for the use or forbearance of money.

In the instant case petitioner, a cash basis taxpayer, made a payment of interest for the period October 15, 1977, to October 15, 1978, in the amount of $92,375. Petitioner argues that, because of the uniqueness of this transaction and the fact that it was structured in this manner upon the insistence of Third

Federal, there was no prepaid interest. According to petitioner, the entire payment of interest was properly allocable to 1977 because the interest would not have been refunded on a pro rata basis had the principal balance of the purchase-money mortgage been repaid in less than 1 full year.

Respondent, on the other hand, asserts that this transaction falls squarely within the provisions of section 461(g)(1) which requires interest paid to be allocated to the period with respect to which such interest represents a charge for the use or forbearance of money.

The treatment of a nonrefundable lump-sum interest payment under section 461(g) is one of first impression before this Court. Section 461(g) was enacted as part of the Tax Reform Act of 1976. Prior to the enactment of section 461(g), considerable confusion surrounded the deductibility of prepaid interest. During this early period, this Court (as did the respondent in his rulings) utilized a case-by-case analysis to determine whether the deduction of prepaid interest materially distorted or clearly reflected income. *Schubel v. Commissioner, supra* at 703; Joint Comm. on Taxation, 94th Cong., 2d Sess., General Explanation of the Tax Reform Act of 1976, 1976–3 C.B. (Vol. 2) 1, 112; H. Rept. 94–658, 1976–3 C.B. (Vol. 2) 695, 791; S. Rept. 94–938, 1976–3 C.B. (Vol. 3) 49, 141. Section 461(g) was promulgated by Congress 'to eliminate this confusion by placing a cash basis taxpayer on the accrual method for purposes of deducting interest prepayments. See Joint Comm. Explanation, *supra,* 1976–3 C.B. (Vol. 2) at 112–113; H. Rept. 94–648, *supra,* 1976–3 C.B. (Vol. 2) at 792; S. Rept. 94–938, *supra,* 1976–3 C.B. (Vol. 3) at 142.

It is well settled that accrual basis taxpayers are required to deduct interest ratably over the life of the loan without regard to when the interest is due or paid. *Miller & Vidor Lumber Co. v. Commissioner,* 39 F.2d 890, 892 (5th Cir.), cert. denied 282 U.S. 864 (1930); *Jemison v. Commissioner,* 18 B.T.A. 399, 404 (1929). Thus, an accrual basis taxpayer cannot accelerate the deduction for interest by paying it in advance. *B.F. Goodrich Co. v. Commissioner,* 1 T.C. 1098, 1101 (1943).

In the instant case, both petitioner and respondent agree that the payment in question represents interest. Furthermore, it is acknowledged that petitioner did not owe any additional interest on the purchase-money obligation until 1

year after the closing date of the sale. Therefore, we believe that the one-time payment of interest by petitioner of $92,375 on October 18, 1977, was clearly allocable to the period from October 15, 1977, to October 15, 1978. As such, section 461(g) mandates that the interest deduction of $92,375 be allocated accordingly.

In reaching this conclusion, we have examined petitioner's argument and find it without merit. The interest payment in question was computed on the basis of a full year and therefore is properly allocable to the entire period. Congress enacted section 461(g) to prevent cash basis taxpayers from deferring taxes on their other sources of income by prepaying interest. See Joint Comm. Explanation, *supra*, 1976–3 C.B. (Vol. 2) at 111; H. Rept. 94–648, *supra*, 1976–3 C.B. (Vol. 2) at 790; S. Rept. 94–938, *supra*, 1976–3 C.B. (Vol. 3) at 140. To allow cash basis taxpayers to avoid section 461(g) simply by designating the interest payment in question as nonrefundable would frustrate congressional intent and effectively narrow the intended scope of section 461(g). We therefore hold that an interest payment by a cash basis taxpayer must, under section 461(g), be ratably allocated without regard to whether the payment in question is nonrefundable.

*Decision will be entered for the respondent.*