W.W. ENTERPRISES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
W. W. Enterprises, Inc. v. Commissioner
Docket No. 11323-79.
United States Tax Court
T.C. Memo 1985-313; 1985 Tax Ct. Memo LEXIS 330; 50 T.C.M. (CCH) 237; T.C.M. (RIA) 85313; June 25, 1985. Stanley L. Drexler and Benjamin Spitzer, for the petitioner. Mark H. Howard,James B. Martin, Jr., and Christopher L.Neal, for the respondent. SWIFT MEMORANDUM FINDINGS OF FACT AND OPINION *331 SWIFT, Judge: Respondent determined deficiencies in petitioner W.W. Enterprises, Inc.'s Federal income tax liabilities for the following years: Taxable Year
Amount of
Ended
Deficiency
September 30, 1974
$5,408
September 30, 1975
2,713
September 30, 1976
2,487 Trial of this case was held in Denver, Colorado, on March 13, 1984. After concessions by petitioner, the two issues for decision are (1) whether petitioner's use of the cash method of accounting for interest income on loans to employees was proper in light of the fact that petitioner used the accrual method of accounting for all other items, and (2) if petitioner is required to accrue interest income on the employee loans, whether repayment of the loan principal and payment of the interest were so contingent that petitioner was not required to accrue interest income on the loans annually. FINDINGS OF FACT The facts stipulated to by the parties are so found. Petitioner W.W. Enterprises, Inc. (hereinafter referred to as W. W. Enterprises) maintained its principal place of business in Denver, Colorado, at the time its petition herein was filed. Petitioner timely filed its Federal *332 corporate income tax returns for the taxable years at issue. Petitioner was engaged in the commercial laundry business. The president and sole shareholder of W. W. Enterprises was Isadore Weiss. He was principally responsible for the production end of the laundry business. His son, Wallace Weiss, was petitioner's vice president and was principally responsible for sales. In each of the approximate ten years prior to petitioner's taxable year ending September 30, 1974, Isadore and Wallace used funds of petitioner to pay some of their personal expenses. The funds so used were reflected on petitioner's books and records as interest-free loans.If funds were available at the end of each taxable year, petitioner would pay to Isadore and Wallace salary bonuses in the amount of the outstanding interest-free loans which had been made to them during that year. Upon receipt of cash bonuses, Isadore and Wallace simultaneously repaid the principal amount of the loans made to them that year. The record is not clear whether the loans taken out during the years in which petitioner had insufficient funds to pay Isadore and Wallace a year-end bonus were repaid by Isadore and Wallace. *333 Prior to 1974, annual salaries in the range of $30,000 and bonuses in the range of $5,000 were paid to Isadore and Wallace. The balance sheet reflected in petitioner's Federal corporate income tax return for its fiscal year ending September 30, 1974, indicates that the principal amount outstanding on the loans to Isadore and Wallace at the end of petitioner's taxable year ending September 30, 1973 (the year before the first year in dispute herein), was $67,514. That amount apparently represented the cumulative balance of the loans made to Isadore and Wallace prior to petitioner's 1974 taxable year that had not been repaid to petitioner in the same years the loans were made. In September of 1974, petitioner hired a new accountant who, because of financial difficulties petitioner was experiencing at that time, recommended that petitioner's funding of the repayments by Isadore and Wallace of the loans be changed from the current basis that had been used in most prior years (via the year-end bonuses) to a deferred basis. This change was effected for the loans made to Isadore and Wallace during petitioner's taxable year ending September 30, 1974, and in subsequent years. *334 Accordingly, in September of 1974, petitioner did not pay Isadore and Wallace the bonuses that would have been necessary for them to repay the loans made to them by petitioner in the 12-month period ending September 30, 1974, of $10,476 and $22,450, respectively. Instead, Isadore and Wallace signed notes in favor of petitioner for repayment of the loans seven years later. In addition to deferring repayment of the loan principal, the notes reflected another change from the terms of the interest-free loans made to them in prior years. The notes charged interest at a six percent annual rate. Under the notes, no payments of principal or interest were due until the maturity date seven years later. [1]
*335 During petitioner's taxable years 1975 and 1976, petitioner made additional loans to Isadore and Wallace and the terms thereof were, in all relevant respects, the same as for the loans made in petitioner's 1974 taxable year, as described above. The total salaries and loans received by Isadore and Wallace during petitioner's taxable years ending September 30, 1974, September 30, 1975, and September 30, 1976, were as follows: Taxable Year Ending
Sept. 30, 1974
Sept. 30, 1975
Sept. 30, 1976
SALARIES
Isadore
$45,475
$28,025
$21,200
Wallace
45,525
29,975
29,415
LOANS
Isadore
$10,476
$ 9,931
$ 8,308
Wallace
22,450
9,746
35,753
Although the evidence is not entirely clear on this point, Isadore apparently repaid the entire principal amount due on the loans he received from petitioner. Wallace apparently repaid only $13,000 of the principal amount due on the loans he received from petitioner after September 30, 1973. The record does not indicate when the repayments or partial repayments were made, nor whether any of the interest that was due on the loans was paid. Prior to its 1974 taxable year, petitioner maintained *336 all of its accounts--for financial and tax purposes--on the accrual method of accounting. Since the loans made to Isadore and Wallace prior to September of 1974 were interest free, there was no interest income for petitioners to report with respect to those loans prior to its 1974 taxable year. The bonuses that were paid to Isadore and Wallace prior to September of 1974 (in order to provide funds to them to pay off the loans they had received each year) were reported as salary income by Isadore and Wallace and as salary expense by petitioner. After receiving the first interest bearing notes from Isadore and Wallace in September of 1974 and in subsequent years, petitioner accounted for interest income accruing on the notes on the cash method of accounting for both financial and tax purposes. Since no interest income was received on the notes in petitioner's taxable years ending September 30, 1974, September 30, 1975, or September 30, 1976, petitioner's financial and tax records did not reflect the interest income accruing on the notes in those years. OPINION Under section 446(a) *337 [2] taxable income is to be computed under the method of accounting used by a taxpayer regularly to compute his income. Permissible methods of accounting include the cash receipts and disbursements method, the accrual method and any combination thereof permitted under the regulations. Section 446(c). [3]
*338 The regulations under section 446(c), among other things, provide that one method of accounting may be used by a taxpayer for his trade or business and another method of accounting may be used for items of income and deductions that are not "connected with" the taxpayer's trade or business. [4] Also, where a taxpayer is engaged in more than one trade or business, different methods of accounting may be used for each separate business so long as separate books and records are maintained for each business. Section 1.446-1(d), Income Tax Regs.
Although a taxpayer may adopt any permissible method of accounting, a taxpayer *339 generally may not change his method of accounting for tax purposes without obtaining the consent of the respondent. Section 446(e). [5]
Respondent contends, in the alternative: (1) that petitioner's failure to accrue interest on the loans to Isadore and Wallace in its taxable years 1974 through 1976 represents an impermissible change of accounting method for which petitioner did not obtain respondent's prior approval, and (2) that the use by petitioner of the cash method of accounting for interest income on the loans to Isadore and Wallace was not proper since petitioner used the accrual method of accounting for all other items of income and expense and since petitioner has not established that the loans were not "connected with" the balance of petitioner's business (per section 1.446-1(c)(1)(iv)(b), *340 Income Tax Regs.). Because we agree with respondent's second argument, we need not address respondent's argument relating to the impermissible change in accounting method. Although little authority has been submitted by either party concerning whether the loans in question were connected with the balance of petitioners' business, we think it is clear that the loans in question were connected with the business.For petitioner's taxable years prior to 1974, the loans had been used by Isadore and Wallace as a means of paying their periodic personal expenses with petitioner's corporate funds. Repayment of those loans occurred not from independent assets of Isadore and Wallace but only if petitioner was able to fund the repayment of the loans owed to itself by payment of the bonuses. If petitioner was not able to pay the bonuses, repayment of the loans was apparently extended indefinitely. No notes were obtained from Isadore and Wallace. The actual funds loaned (i.e., the loan proceeds) were part of the cash generated in petitioner's business. Beginning with petitioner's 1974 taxable year, the loans continued in most respects as they had in prior years. Notes were issued, *341 interest was to accrue, and a date certain seven years later was established for repayment; but otherwise, the purpose of the loans, the use of the loan proceeds, and the source of the funds used to make the loans remained the same. Our conclusion on this point is not different from that reached in J.F. Stevenhagen Co. v. Commissioner,T.C. Memo. 1975-198, affd. per curiam 551 F.2d 106 (6th Cir. 1977), in which interest income received on loans made to a related entity was held not to be separate from the rest of the taxpayer's business. 34 T.C.M. 852, 859; 44 P-H Memo T.C. par. 75,198 and 842-75. Based upon the evidence before us, we conclude that petitioner has not established that the loans it made to Isadore and Wallace were not connected with petitioner's business and therefore the accrual method of accounting used by petitioner for items of business income and expense must also be used to report the interest income on the loans to Isadore and Wallace during petitioner's taxable years 1974, 1975, and 1976. Petitioner argues that even if it is required for tax purposes to report the interest income on the *342 loans to Isadore and Wallace under the accrual method of accounting, no interest income should be accured for petitioner's taxable years 1974, 1975, and 1976 because (1) interest payments were not due until 1981 at the earliest, (2) payments of loan principal and interest were not due unless and until petitioner's business improved, [6] and (3) with regard to the loans to Wallace, the insolvency of Wallace throughout petitioner's taxable years 1974, 1975, and 1976, justifies the nonaccrual of interest income on the loans to him. Where loans are to be accounted for on the accrual method of accounting, interest income must be reported in income annually over the period of the loan. Lay v. Commissioner,69 T.C. 421, 432 (1977); James Brothers Coal Co. v. Commissioner,41 T.C. 917, 922 (1964); Higginbotham-Bailey-Logan Co. v. Commissioner,8 B.T.A. 566, 577 (1927). The courts, however, have *343 recognized that accrual method taxpayers are not required to accrue interest income where there is a contingency which may prevent the receipt of payment. See, e.g. H. Liebes & Co. v. Commissioner,90 F.2d 932 (9th Cir. 1937), affg. 34 B.T.A. 677 (1936); Corn ExchangeBank v. United States,37 F.2d 34 (2d Cir. 1930); Harmont Plaza,Inc. v. Commissioner,64 T.C. 632 (1975), affd. 549 F.2d 414 (6th Cir. 1977); Commercial Solvents Corp. v. Commissioner,42 T.C. 455 (1964); Georgia School-Book Depository, Inc. v. Commissioner,1 T.C. 463 (1943). With regard to the loans in question, the right to receive the interest income and the amount thereof were fixed when the promissory notes were signed by Isadore and Wallace. Accordingly, petitioner must accrue the interest income in its taxable income annually during the taxable years in issue. Isadore and Wallace testified that they had an unconditional obligation to repay petitioner when the loans were due. Their testimony is supported by the various promissory notes which contain no conditional language regarding *344 repayment of the loan principal or payment of the interest accruing thereon. We also reject petitioner's contention that it should not be required to accrue interest income on the loans to Wallace because he was insolvent during the years in question. There is insufficient evidence in the record herein to conclude that Wallace was insolvent to the point where a creditor would have concluded that repayment was remote. The only evidence in the record concerning Wallace's financial condition during petitioner's taxable years 1974, 1975, and 1976, is his testimony that in paying his bills he found it difficult to save money. A debtor's financial difficulties without more specific information are insufficient to prevent the accrual of interest income. Harmont Plaza, Inc. v. Commissioner,supra,64 T.C. at 650. Based on the reasons explained herein, we hold that petitioner is required to accrue interest income on the loans made to Isadore and Wallace during the years at issue at the stated annual interest rate. In light of the foregoing, Decision will *345 beentered for the respondent.
Footnotes
1. The terms of the notes were identical except for the dates and the amounts. The terms of one of the notes provided as follows: NOTE
$10,476.00 Denver, Colo., September 30, 1974. As is hereinafter provided after date, for value received, I promise to pay to the order of W.W. Enterprises, Inc. at the office of W.W. Enterprises, Inc. at 2046 West Colfax, Denver, Colorado, Ten Thousand Four Hundred Seventy-Six Dollars, with interest at the rate of 6 per cent per annum, payable on or before September 30, 1981. IT IS AGREED that if this note is not paid when due or declared due hereunder, the principal and accrued interest thereon shall draw interest at the rate of 7 per cent per annum, and that failure to make any payment of principal or interest when due or any default under any incumbrance or agreement securing this note shall cause the whole note to become due at once, or the interest to be counted as principal, at the option of the holder of the note. The makers and endorsers hereof severally waive presentment for payment, protest, notice of nonpayment and of protest, and agree to any extension of time of payment and partial payments before, at or after maturity, and if this note or interest thereon is not paid when due, or suit is brought, agree to pay all reasonable costs of collection, including a reasonable amount * * * for attorney's fees, and if foreclosure is made by the Public Trustee for attorney's fees to be added by the Public Trustee to the cost of foreclosure. /s/ Isadore S. Weiss Due: September 30, 1981↩
2. All section references are to the Internal Revenue Code of 1954 as in effect during the years at issue. Section 446(a) provides as follows: Sec. 446. GENERAL RULE FOR METHODS IS ACCOUNTING. (a) General Rule.--Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books. ↩
3. Section 446(c) provides as follows: (c) Permissible Methods.--Subject to the provisions of subsections (a) and (b), a taxpayer may compute taxable income under any of the following methods of accounting-- (1) the cash receipts and disbursements method; (2) an accrual method; (3) any other method permitted by this chapter; or (4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary.↩
4. Section 1.446-1(c)(1)(iv)(b), Income Tax Regs., provides as follows: (b) A taxpayer using one method of accounting in computing items of income and deductions of his trade or business may compute other items of income and deductions not connected with his trade or business under a different method of accounting.↩
5. Section 446(e) provides as follows: (e) Requirement Respecting Change of Accounting Method.--Except as otherwise expressly provided in this chapter, a taxpayer who changes the method of accounting on the basis of which he regularly computes his income in keeping his books shall, before computing his taxable income under the new method, secure the consent of the Secretary.↩
6. An argument which itself further supports out prior conclusion herein that the shareholder loans were not separate from the business.↩